UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SLEP-TONE ENTERTAINMENT
CORPORATION,

    **Plaintiff,**

vs.                                                       Case No. 8:12-cv-01883-JDW-AEP

4145 PETE'S PLACE, INC.,

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Second Amended Complaint for Failure to State a Claim and Motion to Dismiss Second Amended Complaint for Failure to Include an Indispensable Party and Motion to Strike Particular Paragraphs of the Amended Complaint (Dkt. 35). Plaintiff responded in opposition (Dkt. 38). Upon consideration, the Second Amended Complaint (Dkt. 27) is STRICKEN, and the motion (Dkt. 35) is DENIED *as moot*.

Plaintiff owns the three registered trademarks at issue in this case, all of which contain in some manner the phrase SOUND CHOICE (Dkt. 27 ¶¶ 11, 12). Defendant is an establishment that provides karaoke entertainment, allegedly as an "inducement" for "patronage and purchase of food, drink, and other concessions" (*id.* ¶ 10). Plaintiff alleges that Defendant hires third-party karaoke operators who use pirated, counterfeit karaoke accompaniment tracks to produce and perform karaoke shows (*id.* ¶ 2). These accompaniment tracks were originally created by Plaintiff, but the karaoke operators allegedly duplicated the tracks or purchased non-original copies from other sources, rather than licensing the original tracks (*id.* ¶¶ 18-22).

1

The claims in this case relate only to Defendant's alleged infringement of the SOUND CHOICE trademarks by displaying them during karaoke performances (*see id.* ¶¶ 57, 58, 64, 65, 77). Nevertheless, a substantial portion of the Second Amended Complaint is dedicated to the allegedly infringing use of pirated accompaniment tracks (*see, e.g., id.* ¶ 1 ("This is an action by the Plaintiff for trademark infringement . . . in which the Defendant is accused of knowingly benefiting [*sic*] from the permitted use of pirated, counterfeit karaoke accompaniment tracks belonging to the Plaintiff."); *see also id.* ¶¶ 2, 18-24, 26-28, 39-49, 51-53). The allegations concerning pirated accompaniment tracks are, for the most part, wholly impertinent to the causes of action pled in this case. Other subsets of allegations address Plaintiff's "Safe Harbor Program" and the karaoke market in general (*see id.* ¶¶ 34-35, 39-49, 51-53), topics that are likewise irrelevant to Plaintiff's asserted claims.

The incorporation of a wide swath of impertinent allegations warrants striking the Second Amended Complaint as a "shotgun" pleading. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002) (describing as a "shotgun" complaint one that contains "irrelevant factual allegations and legal conclusions," which require the trial court to undertake the "onerous" task of "sift[ing] out the irrelevancies"); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("[Plaintiff's] complaint is a perfect example of a 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."); *Pelletier v. Zwiefel*, 921 F.2d 1465, 1512 (11th Cir. 1991) (describing "quintessential shotgun pleadings" complete with "factual allegations that could not possibly be material" that force "the district court [to] sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted"), *abrogated on other grounds as recognized in Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151 (11th Cir.

2011).[1]

The extraneous allegations also violate Federal Rule of Civil Procedure 8(a), which allows only a "short and plain statement of the claim." By weaving impertinent allegations concerning pirated accompaniment tracks into the Second Amended Complaint, Plaintiff also fails to provide Defendant with fair notice of the specific claims against it. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's pleading strategy fosters no advantage to Plaintiff, merely contributing to an inefficient and delayed resolution of the merits. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

Accordingly,

1) The Second Amended Complaint (Dkt. 27) is STRICKEN.

2) Defendant's Motion to Dismiss Second Amended Complaint for Failure to State a Claim and Motion to Dismiss Second Amended Complaint for Failure to Include an Indispensable Party and Motion to Strike Particular Paragraphs of the Amended Complaint (Dkt. 35) is DENIED *as moot*.

3) Plaintiff is GRANTED leave to file a third amended complaint on or before **August 13, 2013.**[2] Plaintiff is cautioned to plead only those allegations necessary to state a claim in a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] *See also Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."), *abrogated on other grounds as recognized by Douglas Asphalt*, 657 F.3d at 1151. A shotgun complaint must be stricken and the plaintiff required to file an amended complaint consistent with Rules 8 and 10. *See Anderson*, 77 F.3d at 367 n.5.

[2] Generally, a claim may be dismissed with prejudice on the third unsuccessful attempt to plead a cause of action. *See Nettles v. City of Lessburg–Police Dep't*, 415 Fed. Appx. 116, 123-24 (11th Cir. 2010). However, because the First Amended Complaint was stricken on a different basis, Plaintiff will be given an opportunity to file a Third Amended Complaint.

**Failure to state a cause of action or comply with Rules 8 and 10 or the applicable pleading standards will result in dismissal with prejudice <u>without further notice</u>.**

**DONE AND ORDERED** this 25th day of July, 2013.

```
                              /s/ Whittemore
                              JAMES D. WHITTEMORE
                              United States District Judge
```

Copies to:
Counsel of record